UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. SOTO, et al., <br><br> Defendants. | Case No. 1:22-cv-00471-JLT-EPG (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO GRANT, IN PART, AND DENY, IN PART, PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES <br><br> (ECF No. 27) <br><br> OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

### I. BACKGROUND

Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action filed on April 21, 2022, pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Borba, and Noujaime. (ECF No. 15).

Defendants answered the complaint on December 21, 2022, raising six affirmative defenses. (ECF No. 26). On January 11, 2023, Plaintiff moved to strike the first, second, third, fourth, and sixth affirmative defenses for being "boilerplat[e]" and inapplicable to his claims. (ECF No. 27). Defendants filed an opposition on January 30, 2023, arguing that the motion should be denied as to their first and second affirmative defenses and waiving their third, fourth, and sixth affirmative defenses. (ECF No. 28). Plaintiff has not filed any reply within the fourteen-day period provided under Local Rule 230(l), and the motion is now ripe. For the reasons given, the Court will recommend that Plaintiff's motion to strike be granted, in part, and denied, in part.

1

## II.     LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim," Fed. R. Civ. P. 8(b)(1), and "affirmatively state any . . . affirmative defense," Fed. R. Civ. P. 8(c)(1). Under Rule 12(f), a "court may strike from a pleading an insufficient defense." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).  "An affirmative defense may be insufficient as a matter of law or as a matter of pleading." *Butcher v. City of Marysville*, 398 F. Supp. 3d 715, 728 (E.D. Cal. 2019).

While Plaintiff argues (ECF No. 27, p. 3) that the Court should apply the heightened "plausibility" standard from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts in this District apply the lesser "fair notice" standard. *Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc.*, No. 1:15-CV-01137 MJS HC, 2016 WL 615335, at *3 (E.D. Cal. Feb. 16, 2016) ("Since [*Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)], every judge in this district that has evaluated the split in light of the *Kohler* decision has found that the fair notice standard should apply."); *see G & G Closed Cir. Events, LLC v. Alfaro*, No. 1:22-CV-0543-JLT-SKO, 2023 WL 1803399, at *2 (E.D. Cal. Feb. 7, 2023) (applying "fair notice" standard); *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) ("This Court will not apply *Twombly* and *Iqbal* to determining the sufficiency of affirmative defenses.").

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler*, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)). "Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses. Simply referring to a doctrine or statute is insufficient to afford fair notice." *Gomez*, 188 F. Supp. 3d at 992 (citations and internal quotation marks omitted). "As the moving party, Plaintiff bears the burden on his motion to strike . . . ." *Leos v. Rasey*, No. 1:14-

CV-02029-LJO-JLT (PC), 2017 WL 816301, at *2 (E.D. Cal. Mar. 2, 2017), *report and recommendation adopted*, 2017 WL 1153141 (E.D. Cal. Mar. 27, 2017).

### III.  ANALYSIS

Because Defendants have waived their third, fourth, and sixth affirmative defenses, only Defendants' first (failure to exhaust administrative remedies) and second (qualified immunity) affirmative defenses remain at issue. (ECF No. 26, p. 6).

#### A.  Failure to Exhaust Administrative Remedies

Defendants' first affirmative defense states: "Plaintiff's claims are barred by 42 U.S.C. § 1997e(a), in that Plaintiff failed to exhaust administrative remedies or file a government claim as to Defendants and/or claims asserted in this action." (ECF No. 26, p. 5).

Plaintiff argues that this statement lacks factual support, that Defendants have the burden of raising and providing the absence of exhaustion, and that he does not have to file a government claim for a § 1983 claim. (ECF No. 27, p. 4).

Defendants contend that their answer provides factual support for their exhaustion defense.[1] (ECF No. 28, p. 4). Specifically, their answer responded to allegations in Plaintiff's complaint that he exhausted his administrative remedies, with Defendants admitting that Plaintiff filed grievances VSP-A-50294, VSP-A-86190 and VSP-A-133244, that an administrative process was available at Plaintiff's institution, and that Plaintiff filed an administrative appeal. (ECF No. 26, p. 2). However, the answer denies that Plaintiff timely filed his appeal and that he exhausted his administrative remedies. (*Id.*). Defendants argue that "the proper procedure to allege failure to exhaust, or to challenge that allegation, is through a summary judgment motion." (ECF No. 28, p. 3). Defendants provide no argument regarding the portion of their defense stating that Plaintiff failed to "file a government claim."

Beginning with the failure to exhaust administrative remedies, the Court concludes that Defendants have provided fair notice of this affirmative defense. *See Jones v. Bock*, 549 U.S. 199,

---

[1] Defendants also argue, as a preliminary matter, that the motion to strike "is improper because the case has been stayed pending participation in the Alternative Dispute Resolution program. (ECF No. 20, 25.)" (ECF No. 28, p. 1) (alteration to spacing). However, neither the early settlement conference order (ECF No. 20) nor the order setting a settlement conference (ECF No. 25) stayed this case. Moreover, the case failed to resolve at the March 2, 2023 settlement conference and it will be scheduled after the Court receives the parties' scheduling statements. (ECF Nos. 33, 34).

216 (2007) (noting that "failure to exhaust is an affirmative defense under the PLRA"). Defendants' answer references the statute requiring exhaustion, 42 U.S.C. § 1997e(a), which provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." And the answer identifies specific grievances Plaintiff filed and notes that he filed an administrative appeal, but disputes whether he timely filed an appeal. Moreover, Plaintiff will have an opportunity to contest this defense if Defendants assert it at a later stage in these proceedings. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (holding "that the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy"). Such statement provides Plaintiff with fair notice of this defense.

As for the portion of the first affirmative defense stating that Plaintiff alternatively failed to "file a government claim as to Defendants and/or claims asserted in this action," the Court concludes that Defendants have failed to provide "fair notice" of this defense. Notably, Defendants identify no information to advise what type of "government claim" Plaintiff would need to file as to the First Amendment retaliation claims proceeding in this action. Without such information, the defense is insufficient as a matter of law and pleading. *See Kohler v. Staples the Off. Superstore, LLC*, 291 F.R.D. 464, 471 (S.D. Cal. 2013) (noting that defense of failure "to satisfy jurisdictional and/or statutory perquisites for . . . causes of action," which was coupled with a failure to exhaust defense, failed to afford fair notice because it "provides no indication what the allegedly unmet prerequisites might be").

Accordingly, the Court will recommend that Defendants' first affirmative defense be stricken to the extent that it asserts that Plaintiff failed to "file a government claim as to Defendants and/or claims asserted in this action." However, "[e]ven if a motion to strike is granted, leave to amend an affirmative defense to cure a pleading deficiency . . . should be liberally granted in absence of prejudice to the opposing party." *United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988, at *6 (E.D. Cal. Apr. 25, 2016). The Court will recommend leave to amend here because there appears to be no prejudice to Plaintiff and Defendant may be able to provide sufficient support for the defense in an amended answer to

give Plaintiff fair notice of the defense. *See Joe Hand Promotions, Inc. v. Alvarenga*, No. 10-CV-794-IEG (BGS), 2010 WL 11684810, at *3 (S.D. Cal. Sept. 14, 2010) ("However, because these defenses may be viable if pleaded in a manner sufficient to put Plaintiff on fair notice of the defenses, the Court grants Defendants leave to amend to include more specific allegations.").

### B. Qualified Immunity

Defendants' second affirmative defense states:

> Defendants are entitled to qualified immunity because there can be no constitutional violation based on the facts alleged or presented, and because Defendants' conduct did not violate clearly established law of which a reasonable person would have known. At all relevant times, Defendants acted within the scope of discretion, with due care, with a good faith fulfillment of responsibilities pursuant to applicable statutes, rules, regulations, and practices, and with the good-faith belief that the actions comported with the Constitution and all applicable federal and state laws.

(ECF No. 26, pp. 5-6).

Plaintiff argues that this is not an affirmative defense because it is a mere denial of his claims and Defendants have the burden to prove they are entitled to qualified immunity. (ECF No. 27, p. 4). Defendants contend that this is an affirmative defense and their answer provides fair notice of it. (ECF No. 28, p. 4).

The Court concludes that qualified immunity is an affirmative defense and Defendants have provided fair notice of it. Defendants are not denying any element of Plaintiff's First Amendment claims; rather, they are claiming that they are entitled to qualified immunity, an affirmative defense, because they did not violate his constitutional rights and there is no clearly established law on point. *See Crawford-El v. Britton*, 523 U.S. 574, 587 (1998) (noting that qualified immunity is an affirmative defense); *Schmitz v. Asman*, No. 2:20-CV-00195-JAM-CKD PS, 2022 WL 2340614, at *26 (E.D. Cal. June 29, 2022), *report and recommendation adopted*, 2022 WL 2954241 (E.D. Cal. July 26, 2022) ("Affirmative Defense 3 is clearly asserting the well-known defense of qualified immunity—not asserting 'ignorance of the law' as a defense to liability.") (emphasis omitted). And like exhaustion, Plaintiff will have the opportunity to oppose any motion raising the qualified immunity defense at a later stage in this case.

Moreover, [t]he allegations do not simply state that the officers are entitled to qualified immunity and stop there." *Neylon v. Cnty. of Inyo*, No. 1:16-CV-0712 AWI JLT, 2017 WL

5

3670925, at *3 (E.D. Cal. Aug. 25, 2017).[2] Defendants "expressly identify the affirmative defense," "describe[] the defense," and state that there could be no constitutional violation based on the facts alleged in the complaint and their conduct "did not violate clearly established law." *Id.* While Defendants could have "cite[d] other precedent" or "identif[ied] what unique factual aspects of this case show that the law was not clearly established," such specificity "would only be needed to meet a heightened pleading standard," which does not apply. *Id.* Because Defendants have identified the defense, described it, asserted that the facts in the complaint (which facts are known to Plaintiff) do not give rise to a constitutional claim and there is no clearly established law that has been violated, they "have done enough to adequately plead qualified immunity." *Id.*

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED that:

1. Plaintiff's motion to strike Defendants' affirmative defenses (ECF No. 27) be granted, in part, and denied, in part as specified below.
2. Defendants' third, fourth, and sixth affirmative defenses (which Defendants have waived) be stricken without leave to amend.
3. Defendants' first affirmative defense stating that Plaintiff failed to "file a government claim as to Defendants and/or claims asserted in this action" be stricken with leave to amend.
4. Defendants be permitted to file an amended answer within 14 days of the entry of the District Judge's order ruling on the motion to strike, if they choose to do so.
5. Defendants be advised that, if they do not file an amended answer within this period, the answer will stand with the first,[3] third, fourth, and sixth affirmative defenses being

---

[2] *Neylon* addressed a similarly worded affirmative defense of qualified immunity: "At all times mentioned in the Complaint, the individual Defendants were acting in good faith and are entitled to qualified immunity. Qualified immunity shields government officials from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). County of Inyo personnel acted in good faith, and did not violate clearly established statutory or constitutional rights in the arrest and detention of Melissa Neylon." 2017 WL 3670925, at *2.

[3] Only the portion of the first affirmative defense stating that Plaintiff failed to "file a government claim as to Defendants and/or claims asserted in this action" is stricken.

6

stricken.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 24, 2023**                    /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE