1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10   FRANCISCO VEGA, JR.,                    Case No. 1:22-cv-00471-JLT-EPG (PC)

11                Plaintiff,                 ORDER DENYING, WITHOUT PREJUDICE,
                                             MOTION TO COMPEL AND MOTION FOR
12        v.                                 SUBPOENA

13                                           (ECF Nos. 49, 50)
     M. SOTO, et al.,
14
                  Defendants.
15

16
          Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights
17
     action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants
18
     Soto, Borba, and Noujaime. (ECF No. 15).
19
          Now before the Court are two motions filed by Plaintiff: (1) a motion to compel
20
     Defendants' response to Plaintiff's first set of interrogatories; and (2) Plaintiff's motion to the
21
     Clerk of Court to provide him two copies of subpoenas duces tecum. (ECF No. 49, 50). Upon
22
     review, the Court will deny each motion without prejudice based on the lack of supporting
23
     grounds to grant relief, but allow Plaintiff to refile the motions if he chooses to do so.
24
          Plaintiff's motion to compel states that Defendants have "failed to adequately respond to
25
     Plaintiffs interrogatories per law" and that he submitted his interrogatories to Defendants on May
26
     25, 2023. (ECF No. 49, p. 1). However, the only argument consists of about a half page, which
27
     states that Defendants provided an "incomplete response," generally cites Federal Rules of Civil
28
     Procedure 33 and 37, and seeks an order compelling Defendants to answer. (*Id.* at 3). Attached to

                                             1

the motion is Plaintiff's first set of interrogatories for each of the three Defendants, but not Defendants' responses to the interrogatories.

Plaintiff's motion does not include sufficient information to rule on the motion to compel. Federal Rule of Civil Procedure 7(b) requires a motion to "state with particularity the grounds for seeking the order." Here, it is unclear whether a particular Defendant, or all Defendants, has or have completely failed to respond to his interrogatories, or whether they have failed to respond to only some interrogatories, or whether they have failed to fully answer some or all interrogatories. Moreover, as required by the scheduling order, Plaintiff should have included with his motion any responses from Defendants to his interrogatories, assuming they filed any responses. (ECF No. 42, p. 5).  Plaintiff also has not explained about why Defendants' responses are insufficient.

Turning to Plaintiff's motion for two subpoenas duces tecum "to request witness statement," as explained in the Court's scheduling order: "Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party." (ECF No. 42, p. 4). Additionally, the Court notes that Plaintiff is not proceeding *in forma pauperis* in this case. Accordingly, he will be required to serve and bear the costs of service for any subpoenas that are issued. *See* Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."). And if Plaintiff desires to utilize the United States Marshals Service to serve any subpoenas, he is directed to 28 C.F.R. § 0.114, which sets out the fees for such services, including "$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses."

The Court will thus deny Plaintiff's motions at this time.  Plaintiff may file new motions including the information set forth above if he wishes to do so.

\\\
\\\
\\\
\\\

Accordingly, IT IS ORDERED that Plaintiff's motion to compel (ECF No. 49) and motion for subpoenas (ECF No. 50) are denied without prejudice.

IT IS SO ORDERED.

Dated:   **July 26, 2023**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

3