UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR.,<br><br>                Plaintiff,<br><br>        v.<br><br>M. SOTO, et al.,<br><br>                Defendants. | Case No. 1:22-cv-00471-JLT-EPG (PC)<br><br>ORDER SETTING DEADLINE FOR OPPOSITION TO MOTION REQUESTING ADDITIONAL INTERROGATORIES<br><br>(ECF No. 54)<br><br>ORDER DENYING, WITHOUT PREJUDICE, MOTION FOR SUBPOENA<br><br>(ECF No. 55) |

Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Borba, and Noujaime. (ECF No. 15).

Now before the Court are two motions filed by Plaintiff: (1) a motion requesting additional interrogatories; and (2) a motion for a subpoena. (ECF No. 54, 55). Upon review, the Court will set a deadline for Defendants to oppose Plaintiff's motion requesting additional interrogatories and will deny, without prejudice, Plaintiff's motion for subpoena.

Pursuant to the Court's scheduling order, "[a] party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 15 requests for admission. If a party wishes to serve additional discovery requests, that party may file a motion for additional discovery requests with the Court, explaining why additional discovery requests are necessary."

(ECF No. 42, p. 3). Plaintiff's motion requests that "the Court allow additional ten (10) written interrogatories for all Defendants." (ECF No. 54, p. 2). As grounds, Plaintiff states that he needs to explore inconsistent responses obtained thus far from Defendants in discovery and the additional interrogatories will help him do so. Upon review, the Court will set a deadline for Defendants to file any opposition to this motion.

Turning to Plaintiff's motion for subpoena, which he also calls a "Motion to Request Witness Statements," Plaintiff states that two non-parties, Billy Moore and Martin Herroz, both employees of Valley State Prison, could provide information relevant to this case. (ECF No. 55). The Court will deny this motion, without prejudice.

Notably, it is unclear precisely what Plaintiff seeks. To the extent that he requests documents from these persons, such as witness statements currently in existence, as explained in the Court's scheduling order: "Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party." (ECF No. 42, p. 4).

Plaintiff also references "testimony" that could be given by one of the non-parties. To the extent that Plaintiff wants to depose the non-parties, as explained in the scheduling order:

> Plaintiff must file a motion requesting permission to do so, specifically showing the ability to comply with the applicable Federal Rules of Civil Procedure by providing the name of the person to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost. Plaintiff bears the responsibility to pay the costs of the deposition, including the cost of copies of deposition transcript(s).

*Id.* at 2-3.

Finally, the Court notes that Plaintiff is not proceeding *in forma pauperis* in this case. Accordingly, he will be required to serve and bear the costs of service for any subpoenas that are issued. *See* Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."). And if Plaintiff desires to utilize the United States Marshals Service to serve any subpoenas, he is directed to 28 C.F.R. § 0.114, which sets out the fees for such services,

2

including "$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses."

Accordingly, IT IS ORDERED as follows:

1. By no later than September 18, 2023, Defendants shall file any opposition to Plaintiff's motion for additional interrogatories. (ECF No. 54).
2. Plaintiff's motion for subpoena (ECF No. 55) is denied, without prejudice, to refiling in compliance with this order and the Court's scheduling order (ECF No. 42).

IT IS SO ORDERED.

Dated:  **August 29, 2023**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

3