UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. SOTO, et al., <br><br> Defendants. | Case No. 1:22-cv-00471-JLT-EPG (PC) <br><br> ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION TO COMPEL <br><br> (ECF No. 59) <br><br> ORDER DENYING MOTION FOR SANCTIONS WITHOUT PREJUDICE <br><br> (ECF No. 61) |

    Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Noujaime, and Borba. (ECF No. 15).

    On September 25, 2023, Plaintiff filed a motion to compel answers to certain interrogatories. (ECF No. 59). On October 10, 2023, Plaintiff filed a motion for sanctions against the Defendants due to them allegedly providing false information in their interrogatories. (ECF No. 61). Defendants filed an opposition to the motion to compel on October 17, 2023, and an opposition to the motion for sanctions on October 25, 2023. (ECF Nos. 62, 63). Plaintiff filed a reply on November 29, 2023 (but dated November 15, 2023) in support of his motion for sanctions, but did not file any reply in support of his motion to compel. (ECF No. 67).

    For the reasons given below, the Court will grant, in part, and deny, in part, Plaintiff's

1

motion to compel. And the Court will deny Plaintiff's motion for sanctions without prejudice.

## I. LEGAL STANDARDS

Rule of Civil Procedure 33(b) permits a party to issue interrogatories "relat[ing] to any matter that may be inquired into under Rule 26(b)." In turn, Rule 26(b) governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2). Further, each interrogatory must be answered "fully" and objections "to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(3)-(4).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted).

## II. ANALYSIS[1]

### A. Defendant Soto

---

[1] Defendants argue that Plaintiff's motion to compel should be denied because, while the parties did meet and confer regarding many of the discovery disputes, Plaintiff has added undiscussed issues to the motion to compel and Plaintiff did not submit a joint state re discovery disagreement as required by Local Rule 251(c). (ECF No. 62, p. 4). Given that Plaintiff is incarcerated, with limited ability to contact defense counsel or coordinate and draft of a joint discovery statement, the Court will not deny the motion to compel on this basis. *See Coleman v. Virga*, No. 2:17-CV-0851-KJM-KJN, 2020 WL 2571334, at *2 (E.D. Cal. May 21, 2020) ("While it is true that the requirement outlined in Rule 37(a) has not been explicitly excused, and the court encourages parties to attempt to resolve disputes prior to seeking court intervention, because of plaintiff's status as a pro se prisoner, it will not be enforced here and will not provide grounds for denying the motion.").

Plaintiff moves to compel further responses from Defendant Soto regarding interrogatory numbers 2, 3, 5, 6, 7, 12, 13, and 14.

**Interrogatory 2**

Interrogatory 2 states as follows: "Give a detailed account as to how, when, who, where and why you became involved with R.V.R. log #007113067 dated Jul 27, 2021, and thereafter."[2] (ECF No. 59, p. 9). Defendant Soto objected to this interrogatory on multiple bases, including it being unduly burdensome, but provided this response: "ISU learned that Vega was selling cell phones in Valley State Prison. On August 6, 2021, ISU discovered cellular phones at the Plant Ops where Vega worked. ISU confiscated the phones and issued Vega a Rules Violation Report. Refer to Defendant's report authored on August 18, 2021. Attached as Exhibit A." (*Id.* at 10).

The Court finds that Defendant Soto's response to Interrogatory 2 is adequate and denies Plaintiff's motion to compel a further response.

**Interrogatory 3**

Interrogatory 3 states as follows: "Who took possession of cellphones once Billy Moore discover at sally port gate entry, who moved them to grounds shop and took pictures of the cellphones inside pest control/ground shop? Who idea was it to take pictures of phones inside pest control rather than in the original area of discovery?" (ECF No. 59, p. 10). Defendant Soto objected to this interrogatory on multiple bases, including it being impermissibly compound, but provided this response: "Defendant does not know who took possession of cellphones, nor who took pictures of the cellphones. Defendant knows that the investigation, confiscation of cell phones and the photographing of pictures was conducted by members of the ISU." (*Id.*).

The Court finds that Defendant Soto's response to Interrogatory 3 is adequate and denies Plaintiff's motion to compel a further response.

**Interrogatory 5**

Interrogatory 5 states as follows: "Explain by means of department policy, how Plaintiff can report two specific officers of sexual misconduct and those same officers, a month after reporting, are on camera (C-yard hallway) at 6 a.m. on July 29, 2021, making everyone in

---

[2] Minor alterations, such as altering punctuation and correcting misspellings, have been made to some of Plaintiff's quotations without indicating each change.

Plaintiffs cell leave so as to be alone with Plaintiff before placing Plaintiff in Administrative Segregation for alleged 'safety concerns.'" (ECF No. 59, p. 11). Defendant Soto objected to this interrogatory on multiple bases, including it being unintelligible as drafted, and responded that "Defendant is unable to answer the interrogatory as drafted." (*Id.*).

The Court sustains Defendant Soto's objections to Interrogatory 5 because it finds that the interrogatory is unintelligible in that it does not pose a clear and proper question.

**Interrogatories 6 and 7**

Interrogatory 6 states as follows: "Please state any facts, including the names of witnesses, that you claim support your contention that you did not retaliate against Plaintiff." (ECF No. 59, 11). Interrogatory 7 states as follows: "Please state any facts, including the names of witnesses, that you claim support your contention that you did not violate Plaintiff constitution right in this complaint." (ECF No. 59, p. 12). Defendant Soto objected to both interrogatories as calling for a legal conclusion, being compound, overly broad, unduly burdensome, and an abuse of the discovery process, but responded that "Defendant's actions can be found in R.V.R. log # 007113067." (*Id.* at 11-12).

Plaintiff argues that these responses are evasive. (*Id.* at 3). Defendant argues that the objections were appropriate and that "Plaintiff made a vague overbroad request to support a legal conclusion, and no further response should be ordered." (ECF No. 62, p. 6).

The Court will grant the motion to compel as to these interrogatories. Both are simple and seek relevant information, essentially asking what facts and witnesses support the defense in this case. They are not impermissibly compound, overly broad, or unduly burdensome. They do not impermissibly call for legal conclusion. And contrary to Defendant's contention, the interrogatories do not require the equivalent of a narrative account of the defense. (*See* ECF No. 59, pp. 11-12). Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . .").

The Court will compel Defendant Soto to supplement the response to Interrogatories 6 and 7 to provide the key facts and names of witnesses regarding whether the RVR was issued for a retaliatory reason or for a proper purpose. If Defendant has no such specific facts or witnesses, Defendant may say so.

**Interrogatory 12**

Interrogatory 12 states as follows: "Identify any and all documents relating to the incident complained of in this complaint and which occurred between June 25, 2021 thru December 24, 2021, respectively, pertaining to grievances VSP-A-133244." (ECF No. 59, p. 15). Defendant Soto objected to this interrogatory on multiple bases, including it seeking documents protected by the official-information privilege, but provided this response: "Defendant was not involved with the events pertaining to grievance VSP-A-133244. Defendant cannot answer this interrogatory." (*Id.*).

Defendant Soto contends that this response was supplemented after conferring with Plaintiff, "stating no documents associated with this report existed." (ECF No. 62, p. 6, 19). Based on the representation in the supplement that no documents exist, the Court will deny the motion to compel as to this interrogatory. However, the Court will permit Plaintiff an opportunity to issue a request for production of documents by the date identified later in this order if he is in fact seeking to obtain documents. *See* Fed. R. Civ. P. 34 (providing for request for production of documents as a discovery tool).

**Interrogatory 13**

Interrogatory 13 states as follows: "Identify any and all parties who conducted any investigatory action regarding this Complaint at any time between February 24, 2021, thru December 24, 2021." (ECF No. 59, p. 16). Defendant Soto objected to this interrogatory as being vague, ambiguous, overly broad, unduly burdensome, and calling for speculation, but provided this response: "[A]ny investigation would have been conducted by the Valley State Prison, Investigative Services Unit. Defendant is unaware of any other parties that would conduct an investigation." (*Id.*).

Plaintiff argues that this response is incomplete. (*Id.* at 3-4). Defendant argues that the objections were appropriate and "[a]s stated in Defendants['] supplemental answers, Defendant Soto was the primary investigator concerning RVR log #007113067. Defendant Noujaimie and Defendant Borba did not conduct the investigation." (ECF No. 62, p. 7).

While Defendant's argument gives the impression that this interrogatory was supplemented, that is not the case. Rather, a review of Defendant Soto's supplemental responses

5

attached to the opposition shows that no supplemental response to interrogatory 13 was provided. (*Id.* at 19). Instead, it appears that Defendant Soto is referring to another supplemental response provided by Defendant Noujaime in interrogatory 2. This interrogatory stated as follows: "Give a detailed account as to how, when, who, where and why you became involved with R.V.R. log #007113067 dated July 27, 2021 and thereafter." (ECF No. 59, p. 33). In the initial response, Defendant Noujaime referred to a report authored August 18, 2021; however, the supplemental response stated: "While Defendant Noujaime was at the scene, he did not take an active part in the investigation for log #007113067. Sgt Soto was the primary investigator." (ECF No. 62, p. 24).

The Court will grant the motion to compel as to this interrogatory. While Defendant Soto contends that the response to interrogatory was supplemented, Defendant Soto did not actually do so. Plaintiff is entitled have a record of Defendant Soto responding to the interrogatories asked of him rather than Defendant Soto relying on responses made by other Defendants. *See* Fed. R. Civ. P. 33(b)(1) (requiring interrogatories to be answered "by the party to whom they are directed"). Moreover, it appears that Defendant Soto did have a role in an investigation and may have additional information regarding who participated in such an investigation.

**Interrogatory 14**

Interrogatory 14 states as follows: "Identify any and all parties who had cause to create any document regarding this Complaint at any time between February 24, 2021, and present." (ECF No. 59, p. 16). Defendant Soto objected to this interrogatory as being vague, ambiguous, overly broad, and unduly burdensome, but provided this response: "[A]ny investigation would have been conducted by the Valley State Prison, Investigative Services Unit. Defendant is unaware of any other parties that would create any document." (*Id.*).

Plaintiff argues that this response is incomplete. (*Id.* at 3-4). Defendant argues that this interrogatory was properly answered. (ECF No. 62, p. 7).

The Court will grant the motion to compel as to this interrogatory. The interrogatory is sufficiently clear in asking for the identity of persons who created documents related to the incident in the complaint. This interrogatory is not overly broad or unduly burdensome as it is limited to documents occurring between February 24, 2021, to the present. Defendant Soto

6

identified at least some of the ISU officers involved in the underlying incident in interrogatory 3, so he can identify by name some persons who may have created documents related to this case. (*Id.* at 17 – "The following ISU Officers were involved in the investigation, Sergeant M. Soto, Officer Noujaimie, Sergeant Borba, and Officer T. Marquez.").

In conclusion, the Court will compel Defendant Soto to provide a supplemental response to interrogatories 6, 7, 13, and 14.

### B.     Defendant Noujaime

Plaintiff moves to compel further responses from Defendant Noujaime regarding interrogatory numbers 2, 3, 4, 5, 6, 7, 9, 12, 13, and 14.

**Interrogatory 2**

Interrogatory 2 states as follows: "Give a detailed account as to how, when, who, where and why you became involved with R.V.R. log #007113067 dated July 27, 2021, and thereafter." (ECF No. 59, p. 33). Defendant Noujaimie objected to this interrogatory on multiple bases, including it being impermissibly compound, but provided this response: "Refer to Defendant's report authored on August 18, 2021, attached as Exhibit A." (*Id.* at 34).

The Court will compel a further response to Interrogatory 2. The Court finds that it is sufficiently clear and within the scope of discovery. Moreover, reference to a document is not sufficient, (although Defendant Noujaimie may use that document to prepare its response to the interrogatory).

**Interrogatory 3**

Interrogatory 3 states as follows: "Who took possession of cellphones once Billy Moore discover at sally port gate entry, who moved them to grounds shop and took pictures of the cellphones inside pest control/ground shop? Who idea was it to take pictures of phones inside pest control rather than in the original area of discovery?" (ECF No. 59, p. 34). Defendant Noujaimie objected to this interrogatory on multiple bases, including it being impermissibly compound, but provided this response: "Defendant does not know who took possession of cellphones, nor who took pictures of the cellphones. Defendant knows that the investigation, confiscation of cell phones and the photographing of pictures was conducted by members of the ISU." (*Id.*).

While Defendant Noujaimie provides an argument in opposition to interrogatory 3, it is

not directed to the correct interrogatory. Rather, it appears that Defendant Noujaimie has confused this interrogatory with interrogatory 3 directed to Defendant Borba. (*Compare* ECF No. 62, p. 7, listing this interrogatory as, "Prior to R.V.R. Lot # 007113067 dated July 27, 2021, did you accuse or find Plaintiff guilty of any rules violation reports," *with* ECF No. 59, p. 22, interrogatory 3 directed to Borba featuring identical language). Moreover, a review of Defendant Noujaimie's supplemental responses does not show that this Defendant ever provided a supplemental response. (ECF No. 62, pp. 24-25).

Because Defendant Noujaimie has not provided any argument to this interrogatory, and because each Defendant is responsible for answering the interrogatories directed to them, the Court will grant the motion to compel as to this interrogatory. *See* Fed. R. Civ. P. 33(b)(1) (requiring interrogatories to be answered "by the party to whom they are directed").

**Interrogatory 4**

Interrogatory 4 states as follows: "Why would other witnesses contradict your report, that "no phones" were found by ISU and "no phones" were found inside of ground shop/vector control on July 27, 2021." (ECF No. 59, p. 34). Defendant Noujaimie objected to this interrogatory on multiple bases, including it being argumentative, but provided this response: "Defendant is unable to answer this interrogatory. Defendant was not involved with the investigation involving cell phones." (*Id.*).

The Court finds that Defendant Noujaimie's response is sufficient and denies Plaintiff's motion to compel a further response to Interrogatory 4.

**Interrogatory 5**

Interrogatory 5 states as follows: "Explain by means of department policy, how Plaintiff can report two specific officers of sexual misconduct and those same officers, a month after reporting, are on camera (C-yard hallway) at 6 a.m. on July 29, 2021, making everyone in Plaintiffs cell leave so as to be alone with Plaintiff before placing Plaintiff in Administrative Segregation for alleged 'safety concerns.'" (ECF No. 59, p. 35). Defendant Noujaimie objected to this interrogatory on multiple bases, including it being unintelligible as drafted, but provided this response: "Defendant conducted a random of search of several inmates in an area including Plaintiff. Each inmate was searched and then escorted out of the area. Plaintiff was the last inmate

8

searched, when he was searched all other inmates left. There was no specific reason why Plaintiff was the last to be searched." (*Id.*).

The Court sustains Defendant Noujaimie's objections to Interrogatory 5 because it finds that the interrogatory is unintelligible in that it does not pose a clear and proper question.

**Interrogatories 6 and 7**

Interrogatory 6 states as follows: "Please state any facts, including the names of witnesses, that you claim support your contention that you did not retaliate against Plaintiff." (ECF No. 59, 35). Interrogatory 7 states as follows: "Please state any facts, including the names of witnesses, that you claim support your contention that you did not violate Plaintiff constitution right in this complaint." (*Id.* at 36). Defendant Noujaimie objected to both interrogatories as calling for a legal conclusion, being compound, overly broad, unduly burdensome, and an abuse of the discovery process, but responded that "Defendant refers to R.V.R. log #007113067." (*Id.* at 35-36).

Plaintiff argues that these responses are evasive. (*Id.* at 4). As to interrogatory 6, Defendant argues that the objections were appropriate and that, "[b]ased on how the Plaintiff worded this interrogatory, Defendant Noujaime will not be able to answer." (ECF No. 62, p. 8). While Defendant Noujaimie provides an argument in opposition to interrogatory 7, it is not directed to the correct interrogatory. Rather, it appears that Defendant Noujaimie has confused this interrogatory with interrogatory 7 directed to Defendant Borba. (*Compare* ECF No. 62, p. 8, listing this interrogatory as, "Give detail account as to who in all responded to Billy Moore discovering phones within his cart at the sally port area on July 27, 2021, who took possession of the phones and phones then were photographed inside pest control/ground shop," with ECF No. 59, p. 23, interrogatory 7 directed to Borba featuring identical language). Moreover, a review of Defendant Noujaimie's supplemental responses does not show that this Defendant ever provided a supplemental response to the correct interrogatory.[3] (ECF No. 62, p. 26-27).

The Court will grant the motion to compel as to these interrogatories. Both are simple and seek relevant information, essentially asking what facts and witnesses support the defense in this case. They are not impermissibly compound, overly broad, or unduly burdensome. They do not

---

[3] While there is a supplemental response provided as to interrogatory 7, it is the wrong interrogatory. It appears that Defendant Noujaime has confused this interrogatory with interrogatory 7 directed to Defendant Borba.

9

impermissibly call for legal conclusion. And contrary to Defendant's contention, the interrogatories do not require the equivalent of a narrative account of the defense. (*See* ECF No. 59, pp. 11-12). Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . .").

The Court will compel Defendant Noujaime to supplement the response to Interrogatories 6 and 7 to provide the key facts and names of witnesses regarding whether the RVR was issued for a retaliatory reason or for a proper purpose. If Defendant has no such specific facts or witnesses, Defendant may say so.

**Interrogatory 9**

Interrogatory 9 states as follows: "Plaintiffs requests is seeking Defendant's law enforcement records, including 'any and all documents relating to allegations retaliation claims by Defendant Noujaime while employed by SATF' and 'any and all requests for investigations against defendant Noujaime named in this Complaint, to include but not limited to all formal and informal written complaints alleging retaliation or civil rights violations from February 24, 2016 to February 24, 2021." (ECF No. 59, pp. 36-37). Defendant Noujaimie objected to this interrogatory on multiple bases, including that it was an interrogatory impermissibly seeking the production of documents, and responded that "Defendant cannot answer this interrogatory." (*Id.* at 37).

Plaintiff argues that this response is evasive and incomplete. (ECF No. 59, p. 4). Defendant argues that this interrogatory was properly objected to. (ECF No. 62, p. 9).

The Court will deny the motion to compel as to this interrogatory, as Plaintiff is impermissibly seeking the production of documents rather than answers to questions. However, the Court will permit Plaintiff an opportunity to issue a request for production of documents by the date identified later in this order if he wishes to obtain documents. *See* Fed. R. Civ. P. 34 (providing for request for production of documents as a discovery tool).

**Interrogatory 12**

Interrogatory 12 states as follows: "Identify any and all documents relating to the incident complained of in this complaint and which occurred between June 25, 2021 thru December 24, 2021, respectively, pertaining to grievances VSP-A-133244." (ECF No. 59, p. 39). Defendant

Noujaimie objected to this interrogatory on multiple bases, including it seeking documents protected by the official-information privilege, but provided this response: "Defendant refers to R.V.R. log #007113067, and PREA Confidential Memorandum." (*Id.*).

Defendant Noujaimie states that "Plaintiff clarified during the meet and confer that Plaintiff is seeking a CDCR Report 'IRTR-161-12,' and 22 forms confiscated by other staff members." (ECF No. 62, p. 9). And "Defendant provided a supplemental answer concerning CDCR Report 'IRTR-161-12' stating that it does not exist." (*Id.* at 9, 28-29).

Based on the representation in the supplement that no documents exist, the Court will deny the motion to compel as to this interrogatory. However, the Court will permit Plaintiff an opportunity to issue a request for production of documents by the date identified later in this order if he is in fact seeking to obtain documents. *See* Fed. R. Civ. P. 34 (providing for request for production of documents as a discovery tool).

**Interrogatory 13**

Interrogatory 13 states as follows: "Identify any and all parties who conducted any investigatory action regarding this Complaint at any time between February 24, 2021, thru December 24, 2021." (ECF No. 59, p. 39). Defendant Noujaimie objected to this interrogatory as being vague, ambiguous, overly broad, and unduly burdensome, but provided this response: "[A]ny investigation would have been conducted by the Valley State Prison, Investigative Services Unit." (*Id. at* 40).

Defendant Noujaimie states that "Plaintiff stated during the meet and confer that he is seeking a CDCR Report 'IRTR-161-12,' and 22 forms confiscated by other staff members." (ECF No. 62, p. 10). And "Defendant provided a supplemental answer concerning CDCR Report 'IRTR-161-12' stating that it does not exist." (*Id.* at 10, 30).

The Court will grant the motion to compel as to this interrogatory. The interrogatory is sufficiently clear and seeks relevant information. Although Defendant Noujaimie provided a limited response, it is not clear that Defendant Noujaimie fully responded, including with the names of any party conducting such an investigation to the extent known by Defendant Noujaimie.

\\\

**Interrogatory 14**

Interrogatory 14 states as follows: "Identify any and all parties who had cause to create any document regarding this Complaint at any time between February 24, 2021, and present." (ECF No. 59, p. 40). Defendant Noujaimie objected to this interrogatory as being vague, ambiguous, overly broad, and unduly burdensome, but provided this response: "[A]ny investigation would have been conducted by the Valley State Prison, Investigative Services Unit." (*Id. at* 40).

Defendant Noujaimie states that "Defendant provided a supplemental answer concerning CDCR Report 'IRTR-161-12' stating that it does not exist." (*Id.* at 10, 31).

The Court will grant the motion to compel as to this interrogatory. The interrogatory is sufficiently clear and seeks relevant information. Although Defendant Noujaimie provided a limited response, it is not clear that Defendant Noujaimie fully responded, including with the names of any party creating any such document, to the extent known by Defendant Noujaimie.

In conclusion, the Court will compel Defendant Noujaime to provide a supplemental response to interrogatories 2, 3, 6, 7, 13, and 14.

**C.     Defendant Borba**

Plaintiff moves to compel further responses from Defendant Borba regarding interrogatory numbers 5, 6, 7, 12, 13, and 14.

**Interrogatory 5**

Interrogatory 5 states as follows: "Explain by means of department policy, how Plaintiff can report two specific officers of sexual misconduct and those same officers, a month after reporting, are on camera (C-yard hallway) at 6 a.m. on July 29, 2021, making everyone in Plaintiffs cell leave so as to be alone with Plaintiff before placing Plaintiff in Administrative Segregation for alleged 'safety concerns.'" (ECF No. 59, p. 22). Defendant Borba objected to this interrogatory on multiple bases, including it being unintelligible as drafted, but provided this response: "Defendant conducted a random of search of several inmates in an area including Plaintiff. Each inmate was searched and then escorted out of the area. Plaintiff was the last inmate searched, when he was searched all other inmates left. There was no specific reason why Plaintiff was the last to be searched." (*Id.* at 22-23).

Defendant Borba contends that this response was supplemented after conferring with Plaintiff. (ECF No. 62, p. 10, 35-36).

The Court will deny the motion to compel a further response to this interrogatory. The interrogatory is not clearly drafted and appears to be more of an argument than an interrogatory. To the extent it is understandable, the Court finds Defendant Borba's response to be sufficient.

**Interrogatory 6**

Interrogatory 6 states as follows: "Please state any facts, including the names of witnesses, that you claim support your contention that you did not retaliate against Plaintiff." (ECF No. 59, 23). Defendant Borba objected to this interrogatory as calling for a legal conclusion, being compound, overly broad, unduly burdensome, and an abuse of the discovery process, but responded that "Defendant conducted an investigation based on the information that cell phones were being introduced into the facility. Witnesses are identified on RVR Log No. #007113067.." (*Id.*).

Plaintiff argues that this response is evasive and incomplete. (*Id.* at 5). Defendant argues that the objections were appropriate and that, "[b]ased on how the Plaintiff worded this interrogatory, Defendant Borba will not be able to answer." (ECF No. 62, p. 11).

The Court will grant the motion to compel as to this interrogatory. It is simple and seeks relevant information, essentially asking what facts and witnesses support the defense in this case. It is not impermissibly compound, overly broad, or unduly burdensome. As to the objection that the interrogatory calls for a legal conclusion, presumably because the underlying contention is that Defendant retaliated against Plaintiff, this is not a valid objection here. *See Thomas v. Cate*, 715 F. Supp. 2d 1012, 1029 (E.D. Cal. 2010) (collecting cases) ("Generally, the fact that an interrogatory calls for a legal conclusion is not grounds for an objection."). And contrary to Defendant's contention, the interrogatory does not require the equivalent of a narrative account of the defense. (*See* ECF No. 59, p. 23). Defendant need only respond with the key facts regarding whether the RVR was issued for a proper purpose along with any witnesses who can say that the RVR was not retaliatory. If Defendant has no such facts or witnesses, Defendant may say so.

**Interrogatory 7**

Interrogatory 7 states as follows: "Give detail account as to who in all responded to Billy

Moore discovering phones within his cart at the sally port area on July 27, 2021, who took possession of the phones and phones then were photographed inside pest control/ground shop." (ECF No. 59 p. 23). Defendant Borba objected to this interrogatory as being compound, overly broad, unduly burdensome, and an abuse of the discovery process, but responded that "I.S.U. responded to the discovery of the cell phones and took possession of the contraband. Defendant does not know which specific officers responded." (*Id.*).

While Defendant Borba provides an argument in opposition to interrogatory 7, it is not directed to the correct interrogatory. Rather, it appears that Defendant Borba has confused this interrogatory with interrogatory 7 directed to Defendants Soto and Noujaimie. (*Compare* ECF No. 62, p. 11, listing this interrogatory as, "Please state any facts, including the names of witnesses, that you claim support your contention that you did not violate Plaintiff constitution right in this complaint," with ECF No. 59, pp. 12, 36, interrogatory 7 directed to Soto and Noujaimie featuring identical language). Moreover, a review of Defendant Borba's supplemental responses does not show that this Defendant ever provided a supplemental response to this interrogatory. (ECF No. 62, pp. 35-36).

However, the Court notes that, due to an apparent mix-up, Defendant Noujaimie provided a supplemental response to this interrogatory, even though this interrogatory was not directed to this Defendant. (ECF No. 62, pp. 27).

Because Defendant Borba has not provided an argument as to this interrogatory, and because it appears that Defendants (in an apparent mix-up) decided to provide a supplemental response, the Court will grant the motion to compel as to this interrogatory. Defendant Borba may provide the same supplemental answer that Defendant Noujaimie mistakenly provided or a new response if warranted. *See* Fed. R. Civ. P. 33(b)(1) (requiring interrogatories to be answered "by the party to whom they are directed").

**Interrogatory 12**

Interrogatory 12 states as follows: "Identify any and all documents relating to the incident complained of in this complaint and which occurred between June 25, 2021 thru December 24, 2021, respectively, pertaining to grievances VSP-A-133244." (ECF No. 59, p. 27). Defendant Borba objected to this interrogatory on multiple bases, including it seeking documents protected

by the official-information privilege, but provided this response: "Defendant refers to R.V.R. log #007113067, and PREA Confidential Memorandum." (*Id.*).

Plaintiff argues this response is evasive and incomplete. (ECF No. 59, p. 5). Defendant Borba argues that "Defendant properly answered the interrogatory and provided answers to the best of his knowledge." (ECF No. 62, p. 11). Based on the response indicating that Defendant has no knowledge of other documents in existence, the Court will deny the motion to compel as to this interrogatory. However, the Court will permit Plaintiff an opportunity to issue a request for production of documents by the date identified later in this order if he is in fact seeking to obtain documents. *See* Fed. R. Civ. P. 34 (providing for request for production of documents as a discovery tool).

**Interrogatory 13**

Interrogatory 13 states as follows: "Identify any and all parties who conducted any investigatory action regarding this Complaint at any time between February 24, 2021, thru December 24, 2021." (ECF No. 59, p. 28). Defendant Borba objected to this interrogatory as being vague, ambiguous, overly broad, and unduly burdensome but provided this response: "Valley State Prison Investigative Services Unit (ISU)." (*Id.*).

Plaintiff argues that this response is evasive and incomplete. (*Id.* at 5). Defendant argues that the response to this interrogatory was proper. (ECF No. 62, p. 11).

The Court will grant the motion to compel as to this interrogatory. Plaintiff is clearly asking for the identities of persons who may have conducted an investigation relating to the incident in the complaint. If Defendant Borba knows the names of any such persons, Defendant shall identify them in a supplemental response; if Defendant knows of no such persons, Defendant may say so.

**Interrogatory 14**

Interrogatory 14 states as follows: "Identify any and all parties who had cause to create any document regarding this Complaint at any time between February 24, 2021, and present." (ECF No. 59, p. 28). Defendant Borba objected to this interrogatory as being vague, ambiguous, overly broad, and unduly burdensome, but provided this response: "Valley State Prison, Investigative Services Unit (ISU)." (*Id.*).

Defendant Borba states that Defendant "provided a supplemental response concerning Plaintiff's request for CDCR report 'IRTR-161-12'" after reviewing the motion to compel, and the supplement represents that "no responsive documents have been identified." (*Id.* at 12, 37).

The Court will grant the motion to compel as to this interrogatory. The interrogatory is sufficiently clear and seeks relevant information. Although Defendant Borba provided a limited response, it is not clear that Defendant Borba fully responded, including with the names of any party creating any such document, to the extent known by Defendant Borba.

In conclusion, the Court will compel Defendant Borba to provide a supplemental response to interrogatories 6, 7, 13, and 14.

### III. ANALYSIS – MOTION FOR SANCTIONS

Plaintiff's motion for sanctions seeks unspecified sanctions against Defendants due to providing false information in their interrogatories. (ECF No. 61). Plaintiff's core contention appears to be that Defendants lied regarding interrogatories that generally asked whether the Defendants had prior grievances or complaints filed against them for retaliation. Plaintiff provides no developed argument as to how any specific interrogatory answer was false, but he generally refers to attachments in his complaint, appearing to argue that Defendants' responses contradict information provided by other inmates.

Defendants argue that, had Plaintiff informed them about "this evidence, instead of raising it for the first time in this Motion, Defendants would have investigated and supplemented their answers. At no time did Defendants refuse to supplement answers." (ECF No. 63, p. 3). Further, they state that, "[a]fter receiving the new information Defendants will investigate and supplement their answers," and they ask that his motion be denied without prejudice. (ECF No. 63).

Rule 37(c)(1) provides for a variety of sanctions—including a party not being able to use information as evidence at trial and monetary sanctions—for a failure to provide information under Rule 26(e), which, in relevant part, requires a party to supplement an interrogatory if, "in a timely manner[,] [] the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Here Defendants represent, and Plaintiff does not contest, that Defendants only learned of the purportedly false information upon receiving his motion. Moreover, Defendants have stated that they will investigate and supplement their answers. Accordingly, because there is nothing to conclude that Defendants failed to supplement false information in their interrogatories as required under Rule 26(e), sanctions under Rule 37(c)(1) are not appropriate at this time.

## IV. ORDER

For the reasons given above, IT IS ORDERED as follows:

1. Plaintiff's motion to compel is granted, in part, and denied, in part as specified in this order.[4] (ECF No. 59).
2. Plaintiff's motion for sanctions is denied without prejudice. (ECF No. 62).
3. Within forty-five days from the date of entry of this order, Defendants shall provide a supplement to Plaintiff's interrogatories as specified below:
    a. Defendant Soto shall provide a supplemental response to interrogatories 6, 7, 13, and 14.
    b. Defendant Noujaimie shall provide a supplemental response to interrogatories 2, 3, 6, 7, 13, and 14.
    c. Defendant Borba shall provide a supplemental response to interrogatories 6, 7, 13, and 14.
4. By no later than February 6, 2024, Plaintiff is permitted to serve requests for production on Defendants. Defendants shall respond to such requests within 30 days after they are first served.
5. The non-expert discovery deadline is extended to March 5, 2024.
6. The dispositive motion deadline is extended to April 25, 2024.

IT IS SO ORDERED.

Dated: **December 15, 2023**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court declines to grant Plaintiff the $15 he requests for preparing this motion. (ECF No. 59, p. 6).