UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>M. SOTO, et al.,<br><br>        Defendants. | 1:22-cv-000471-JLT-EPG (PC)<br><br>ORDER REQUESTING THAT THE WARDEN OF PLAINTIFF'S INSTITUTION OF CONFINEFMENT RESPOND TO PLAINTIFF'S MOTION FOR PERMISSION TO ORALLY DEPOSE WITNESSES<br><br>(ECF No. 69). |

      Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Noujaime, and Borba. (ECF No. 15). Before the Court is Plaintiff's motion to orally depose two witnesses. (ECF No. 69).

      The scheduling order in this case provides as follows:

> If Plaintiff wishes to take a deposition, Plaintiff must file a motion requesting permission to do so, specifically showing the ability to comply with the applicable Federal Rules of Civil Procedure by providing the name of the person to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost. Plaintiff bears the responsibility to pay the costs of the deposition, including the cost of copies of deposition transcript(s).

(ECF No. 42, pp. 2-3). And there is a footnote that provides as follows: "The Court may request input from Plaintiff's institution of confinement to determine if the deposition(s) can proceed in a safe and secure manner before ruling on a motion for a deposition." (*Id.* at 3 n.2).

Plaintiff's motion requests permission to orally depose Billy Moore and Martin Herroz by remote means, both employees of Valley State Prison Plant of Operations; provides the name and address for a company to provide court reporting services, including the hourly rate for the company; and states that Plaintiff's mother will pay for the depositions.

Upon review of the motion, the Court will request that the Warden of Plaintiff's institution of confinement respond to Plaintiff's motion to assess whether the depositions can proceed in a safe and secure manner. Additionally, the Court requests input on when such depositions could be accommodated, any restrictions that might apply for such depositions, and any other matters that warrant the Court's attention before ruling on Plaintiff's motion.

Accordingly, IT IS ORDERED as follows:

1. Within twenty-one days from the date of service of this order, the Court requests that the Warden of Plaintiff's institution file a response with the Court to Plaintiff's motion. (ECF No. 69).

2. The Clerk of Court is directed to send a copy of this order and Plaintiff's motion (ECF No. 69) to the Litigation Coordinator at Plaintiff's institution of confinement and Supervising Deputy Attorney General Lawrence Bragg and designate on the docket the date it was sent.

IT IS SO ORDERED.

Dated:  **December 19, 2023**                    /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE