UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. SOTO, et al., <br><br> Defendants. | 1:22-cv-000471-JLT-EPG (PC) <br><br> ORDER GRANTING MOTION FOR PERMISSION TO DEPOSE WITNESSES AND MOTION FOR SUBPOENA DUCES TECUM <br><br> (ECF Nos. 69, 75). |

Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Noujaime, and Borba. (ECF No. 15). This matter is before the Court on Plaintiff's motion for permission to depose witnesses and motion for subpoena duces tecum. (ECF Nos. 69, 75)

Plaintiff's first motion requests permission to orally depose Billy Moore and Martin Herroz by remote means. (ECF No. 69). Plaintiff asserts that both are employees of Valley State Prison Plant of Operations and have relevant information for this case. (ECF No. 69). The Court permitted a response to the motion by Plaintiff's institution of confinement. (ECF No. 70).

On January 19, 2024, H. Castro, the Litigation Coordinator at Valley State Prison (VSP), where the events in the complaint occurred, filed a declaration stating that: (1) Herroz has agreed to be deposed; (2) Billy Moore is no longer employed with the CDCR; (3) VSP can accommodate a remote deposition; and (4) VSP "requests the Court issue a protective order limiting Plaintiff to questions related to information relevant to his lawsuit and refraining Plaintiff from asking questions regarding Mr. Herroz's background. This would include but is not limited to, his prior

1

work history, his address, prior education, family members." (ECF No. 74).

The Court will grant Plaintiff's motion for permission to take a deposition as to Herroz but will deny the motion without prejudice to Billy Moore. Notably, Plaintiff has established that he will be able to take a deposition, as he has as provided the name and address for a company to provide court reporting services, including the hourly rate for the company, and states that his mother will pay for the depositions.

However, the Court will set some reasonable limitations on the deposition of Herroz. Plaintiff may not ask questions seeking sensitive personal information, such as Herroz's address or information about his family members or individuals unconnected with this lawsuit, as such information is irrelevant and could pose a danger to those concerned if disclosed.[1]

The parties are directed to confer about a date this deposition may take place and proceed with the deposition.  Additionally, if the parties agree, they may stipulate to modification of the schedule to allow the deposition to take place after the scheduled settlement conference on March 28, 2024.

Plaintiff's second motion acknowledges that Billy Moore no longer works for the CDCR and asks that the Court issue a subpoena for VSP to assist him in locating Moore, indicating that he desires service through the United States Marshals Service. (ECF No. 75).

As Plaintiff is not proceeding *in forma pauperis* in this case, Plaintiff will be required to bear the costs of service for any subpoena that is issued. *See* Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."). As for service by the United States Marshals Service, Plaintiff is directed to 28 C.F.R. § 0.114, which sets out the fees for such services, including "$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses."

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion for permission to depose witnesses is granted as to Martin Herroz but

---

[1] However, Plaintiff may ask about general work history and Herroz's background as long as he does not seek confidential personal information.

denied without prejudice as to Billy Moore. (ECF No. 69).
   a. The parties are directed to confer about a date Mr. Herroz's deposition may take place and proceed with the deposition.[2]
   b. Should the deposition proceed, Plaintiff is prohibited from seeking sensitive personal information about Herroz or other persons unconnected to this case.
2. Plaintiff's motion for subpoena duces tecum on VSP to identify the location for Bill Moore is granted. (ECF No. 75).
   a. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285.
   b. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

   Dated:   **January 25, 2024**                /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] If the parties both wish to postpone the deposition until after the settlement conference, they may file a stipulation.