UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. SOTO, et al., <br><br> Defendants. | 1:22-cv-000471-JLT-EPG (PC) <br><br> ORDER RE: MOTION FOR CLARIFICATION <br><br> (ECF No. 79). |

Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Noujaime, and Borba. (ECF No. 15). This matter is before the Court on Plaintiff's motion for clarification. (ECF No. 79). Before addressing the motion, some background information is helpful.

On December 18, 2024, Plaintiff moved for permission to orally depose by remote means two employees of Valley State Prison Plant of Operations—Billy Moore and Martin Herroz. (ECF No. 69). On January 19, 2024, H. Castro, the Litigation Coordinator at Valley State Prison (VSP), where the events in the complaint occurred, filed a declaration stating that: (1) Herroz has agreed to be deposed; (2) Billy Moore is no longer employed with the CDCR; and (3) VSP can accommodate a remote deposition. On January 25, 2024, the Court issued an order granting Plaintiff's motion as to Herroz and directing him to confer with counsel about a date and place that the deposition could proceed. (ECF No. 76). However, as Billy Moore's whereabouts were

1

unknown, the Court denied Plaintiff's motion as to Moore, but issued Plaintiff subpoena documents (Forms AO 88B and USM-285) to subpoena VSP to potentially learn Billy Moore's location.

Turning to Plaintiff's motion for clarification, he states that he conferred with defense counsel, Attorney Mohammad Iranmanesh, to schedule a deposition for February 22, 2024, at 10 a.m. via Zoom. However, rather than agreeing to this date and time or conferring regarding another acceptable date and time as directed by the Court's order, defense counsel insisted that Plaintiff issue a subpoena for the deposition.

Plaintiff now requests clarification if a subpoena is needed, asking whether he can use the forms previously provided, and if not, if the Court will accept the forms he has filled out and directed to Billy Moore. The provided forms seek to require Billy Moore's attendance for a deposition.

A witness may voluntarily appear at a deposition at the date and time agreed upon by the parties. However, if a witness does not so agree, which appears to be the case here, Plaintiff must complete a subpoena and the Court will have it served on Herroz to compel his attendance. Given that the subpoena will command testimony at a specific date and time, Plaintiff should complete the subpoena for the date and time of his choosing, leaving enough time for the Marshals office to serve the subpoena. Once the subpoena is served, Herroz will be commanded to appear at that date and time. A failure to appear at that date and time will subject Herroz to sanctions.

Specifically, Federal Rule of Civil Procedure 30 governs oral depositions. A deponent's attendance may be compelled by subpoena under Rule 45, which will command the witness to appear at a specific date and time. Fed. R. Civ. P. 30(a)

> A party who wants to depose a person by oral questions *must give reasonable written notice to every other party*. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed. R. Civ. P. 30(b)(1) (emphasis added).

Thus, the Court will send Plaintiff Form AO88A (the subpoena form) and USM-285 (the Marshals from for service) to subpoena Herroz's attendance at a deposition.

Additionally, the Court will extend the case deadlines to allow Plaintiff time to take the

2

steps laid out in this order. Plaintiff will be directed to return the relevant documents at a date of his choosing, keeping in mind the above requirements and the fact that any subpoena will take at least 14 days for the United States Marshals Service to serve before the deposition can take place.

Plaintiff shall make arrangements with his prison for any deposition that he intends to take, ensure that he provides the connection information for the depositions, and is reminded that he must pay the costs for Marshals service as he is not proceeding *in forma pauperis*.

As to Plaintiff's question about the documents (Forms AO88B and USM-285) that he returned, he is advised that he filled them out incorrectly. Notably, he attempts to direct Billy Moore to appear for an oral deposition; however, as discussed in this Court's prior order (ECF No. 76), Plaintiff first needs to locate Moore as he is no longer employed with the CDCR. The Court sent Plaintiff these documents so that Plaintiff could subpoena documents from VSP to learn Moore's address, not to compel Moore's deposition. After Plaintiff learns Moore's address, he can ask the Court for a separate subpoena to compel his attendance at a deposition.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion or clarification (ECF No. 79) is granted as his questions have been addressed in this order.
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88A and a copy of form USM-285.
    i. These documents are to be used to subpoena Herroz to attend an oral deposition.
    ii. Plaintiff shall fill them out within a date of his choosing, but he must keep in mind the case deadlines specified below and that the Court must receive the documents *at least three weeks before* the date requested for the deposition to allow for Marshals service.
    iii. Plaintiff is also directed to review the requirements, including those addressed above, for conducting a deposition, such as providing notice to other parties under Rule 30(b)(1).
3. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285.

       i. These documents are to be used to gain documents from VSP to identify the location of Billy Moore.[1]

       ii. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

4. For the limited purpose of allowing Plaintiff to depose Herroz and Moore, the non-expert discovery deadline is extended to April 15, 2024, and the dispositive motion deadline is extended to May 30, 2024. (ECF No. 68).

IT IS SO ORDERED.

Dated: **February 14, 2024**　　　　　　/s/ Eric P. Groj

UNITED STATES MAGISTRATE JUDGE

---

[1] As noted above, once Moore is located, Plaintiff may request a subpoena to compel Moore to attend a deposition.

4