UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. SOTO, et al., <br><br> Defendants. | 1:22-cv-000471-JLT-EPG (PC) <br><br> ORDER GRANTING MOTION FOR PERMISSION TO DEPOSE WITNESSES <br><br> (ECF No. 81). |

      Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Noujaime, and Borba. (ECF No. 15). This matter is before the Court on Plaintiff's motion for permission to depose two non-parties.

      The first is Jonathan Miller, an inmate incarcerated at Valley State Prison (VSP). The second is Javier Robles, a former VSP inmate who currently lives in Salinas, California. Plaintiff asserts that Miller and Robles have information relevant to this case. Additionally, Plaintiff provides the name of a court reporting company, the estimated cost of a deposition, and represents that his mother will pay for the costs of the depositions. On February 27, 2024, Defendants filed a response stating that they do not oppose Plaintiff's motion. (ECF No. 83).

      The Court will grant Plaintiff's motion.[1] However, Plaintiff must ensure that he provides a proper notice of any deposition.

---

[1] Plaintiff indicated that he wanted to depose the witnesses by no later than March 1, 2024. However, he filed his motion too late for the depositions to be noticed by this date.

1

> A party who wants to depose a person by oral questions *must give reasonable written notice to every other party*. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed. R. Civ. P. 30(b)(1) (emphasis added).

The Court will send Plaintiff Form AO88A (the subpoena form) and USM-285 (the Marshals from for service) to subpoena the deponents' attendance at a deposition. Plaintiff's attention is directed generally to Federal Rule of Civil Procedure 45, which governs subpoenas.

Additionally, the Court will extend the case deadlines to allow Plaintiff time to take the steps laid out in this order. Plaintiff will be directed to return the relevant documents at a date of his choosing, keeping in mind the above requirements and the fact that any subpoena will take at least 14 days for the United States Marshals Service to serve before the deposition can take place.

Plaintiff shall make arrangements with his prison for any deposition that he intends to take, ensure that he provides the connection information for the depositions, and is reminded that he must pay the costs for Marshals service as he is not proceeding *in forma pauperis*.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to depose witnesses is granted. (ECF No. 81)
2. The Clerk of Court is directed to send Plaintiff two (2) copies of form AO 88A and two (2) copies of form USM-285.
    i. These documents are to be used to subpoena Miller and Robles to attend an oral deposition.
    ii. Plaintiff shall fill them out within a date of his choosing, but he must keep in mind the case deadlines specified below and that the Court must receive the documents *at least three weeks before* the date requested for the deposition to allow for Marshals service.
    iii. Plaintiff is also directed to review the requirements, including those addressed above, for conducting a deposition, such as providing notice to other parties under Rule 30(b)(1).

\\\
\\\

3. For the limited purpose of allowing Plaintiff to depose Miller and Robles, the non-expert discovery deadline is extended to April 15, 2024. The dispositive motion deadline remains set for May 30, 2024. (ECF No. 80).

IT IS SO ORDERED.

Dated: **February 28, 2024**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3