UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>M. SOTO, et al.,<br><br>        Defendants. | 1:22-cv-00471-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO ORALLY DEPOSE JAMES PRADO<br><br>(ECF No. 88). |

       Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Noujaime, and Borba. (ECF No. 15).

       Before the Court is Plaintiff's motion to orally depose an inmate witness named James Prado. (ECF No. 88). On March 15, 2024, Defendants filed a response stating that they do not oppose the motion. (ECF No. 92). With no opposition, the Court concludes that it is unnecessary to await the time for Plaintiff to file a reply brief. *See* Local Rule 230(l) (providing 14 days to file a reply following an opposition). Upon review of Plaintiff's motion to depose Prado, the record, and applicable law, the Court will deny the motion.

       First, Plaintiff's motion is untimely. Importantly, the deadline to *complete* non-expert discovery ended on March 5, 2024. (ECF No. 68). However, Plaintiff waited until March 1, 2024,

to file his motion, which was only four days before the non-expert deadline.[1] While the Court recently extended the non-expert discovery deadline to April 15, 2024, that was for the limited purpose of deposing persons not at issue here. (ECF No. 80, 84); (*see* ECF No. 68; ECF No. 42, p. 5 – initial scheduling order setting a "deadline for *the completion* of all non-expert discovery") (emphasis added). The initial scheduling order, issued in April 2023, advised Plaintiff that he had to file a motion to be able to take a deposition. (ECF No. 42, pp. 2-3). And Federal Rule of Civil Procedure 30(a)(2)(B) requires "leave of court" when the proposed "deponent is confined in prison." Notably, Plaintiff was aware that he needed to file a motion to depose a witness, as he has previously filed such motions in this case. (*See* ECF Nos. 69, 81).

Nor could Plaintiff expect that the deposition could occur within a four-day period. Among other things, Local Rule 230(l) permits a response to prisoner motions, and the Court has ordered responses to Plaintiff's prior motions to depose witnesses in this case. (ECF Nos. 70, 82). And the Court previously advised Plaintiff that service of a subpoena for a deposition by the United States Marshals Service, which is the means of service that Plaintiff is requesting for his current motion, would take at least 14 days. (ECF No. 84, p. 2). Lastly, the Court advised Plaintiff that Federal Rule of Civil Procedure 30(b)(1) requires reasonable notice of a deposition. (*Id.*).

Second, the requested information is not directly relevant to the case. Federal Rule of Civil Procedure 30(a)(2)(B) requires leave of court to depose a prisoner "and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Pertinent here, Rule 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Notably, Plaintiff does not contend that Prado has any information directly relevant to the

---

[1] The Court uses the date that Plaintiff dated his motion. It was not entered on the docket until March 7, 2024.

underlying facts of this case. Rather, Plaintiff asserts that Prado also received a retaliatory RVR, of which he was ultimately acquitted, based on working with "Internal Affairs." (ECF No. 88, p. 4). Plaintiff considers Prado's circumstances to be similar to his own and wants to question him about it. But considering that Prado has no actual knowledge of the pertinent facts, the Court concludes that allowing this deposition would ultimately not meet the criteria under Rule 26(b)(1).

Accordingly, for the reasons given above, IT IS ORDERED that Plaintiff's motion to orally depose James Prado is denied. (ECF No. 88).

IT IS SO ORDERED.

Dated: __March 19, 2024__         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE