UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR.,<br><br>Plaintiff,<br><br>v.<br><br>M. SOTO, et al.,<br><br>Defendants. | 1:22-cv-000471-JLT-EPG (PC)<br><br>ORDER DENYING MOTION TO ENFORCE/NOTIFY WITNESSES/INSTIUTIONS OF DEPOSITION, EXTENDING CASE DEADLINES<br><br>(ECF No. 96). |

Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Noujaime, and Borba. (ECF No. 15). This matter is before the Court on Plaintiff's "motion to enforce/notify witnesses/institutions of deposition." (ECF No. 96) (minor alterations for readability). Plaintiff's motion asks the Court to send notice of depositions to prison officials for witnesses to be deposed on April 26, 2024.

However, as the Court has instructed Plaintiff multiple times, in order to obtain this testimony, Plaintiff must fill out and return subpoenas to the Court that indicate witness and the date and time of the deposition. (*See, e.g.*, ECF No. 80).[1] The date and time must provide

---

[1] Once a subpoena has been issued by the Court, it has the effect of a court order, subjecting the responsible party, including an institution that fails to accommodate a deposition, to consequences if a witness fails to attend the deposition.[1] *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) (noting that a Rule 45 subpoena "obligates the nonparty to appear at the scheduled deposition at pain of being held in contempt"); *see also* Fed. R. Civ. P. 37 (providing for sanctions regarding failures associated with the taking of depositions).

1

reasonable notice to the witness, and include sufficient time for the Marshals service to serve the subpoena on the witness.[2] The Court will then have any properly prepared subpoenas served on the witness by the United States Marshals Service. The depositions cannot take place without Plaintiff following this process, yet Plaintiff has not yet sent any completed deposition subpoenas to the Court.[3]

Additionally, Plaintiff is required to notify Defendants of any deposition that he intends to take. Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs."). Plaintiff can do this by sending Defendants a copy of the issued subpoena, which will have the date and time of the deposition, or by sending Defendants a separate document providing this information.

Plaintiff must also send the information to his institution of confinement and make arrangements with the court reporter himself.

Finally, the Court notes that Plaintiff's requested date for the depositions, April 26, 2024, is after the Court's extended April 15, 2024 deadline for non-expert discovery, which deadline is for the limited purpose of deposing previously approved non-party witnesses. (*See* ECF No. 80, p. 4 – extending non-expert discovery deadline to April 15, 2024, for the limited purpose of deposing Billy Moore and Martin Herroz; ECF No. 84, p. 3 – extending non-expert discovery deadline to April 15, 2024, for the limited purpose of deposing Jonathan Miller and Javier Robles). Plaintiff's motion ignores the Court's deadline entirely. Importantly, at this point, Plaintiff would not be able to return the subpoenas and give reasonable notice for the depositions in order to take them before the non-expert deadline. Accordingly, the Court will *sua sponte* grant

---

[2] The Court notes that Plaintiff's institution of confinement and Defense counsel were given an opportunity to provide input on dates and times for the depositions and declined to do so. (ECF Nos. 70, 74, 82, 83, 89, 92). Thus, the rule that a subpoena compels non-party testimony on the date chosen, so long as reasonable notice is given, applies here.

[3] After multiple attempts, Plaintiff has returned subpoena documents to the Court seeking documents regarding the witness Billy Moore. (ECF No. 95). The United States Marshals Service has served the subpoena duces tecum at issue. (ECF No. 97). However, Plaintiff has not returned subpoena documents as to the other non-parties.

one final extension of the non-expert deadline to May 24, 2024. All of the approved depositions must be completed by May 24, 2024, which process includes sending the subpoenas to the Court, having the United States Marshals Service serve them, giving notice to defense counsel and the institution, and taking the deposition.

Lastly, the Court notes that for Billy Moore, the witness that Plaintiff lacks contact information for, the Court has allowed Plaintiff to issue a subpoena for documents to determine the address of that witness. (ECF No. 95). And the United States Marshals Service has filed a certificate of service of the subpoena, with Plaintiff owing $178.24 for service costs. (ECF No. 97). Payment should include the case name and number and can be mailed to the Unites States Marshals Service at 2500 Tulare St., Suite 3501, Fresno, CA 93721. If Plaintiff fails to timely pay the costs for service, the Court may deny Plaintiff the ability to utilize the United States Marshals Service for future service of subpoenas until he pays the service costs.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to enforce/notify witnesses/institutions of deposition (ECF No. 96) is DENIED.
2. The non-expert discovery deadline is extended to May 24, 2024, for the limited purpose of deposing Billy Moore, Martin Herroz, Jonathan Miller, and Javier Robles. All of the approved depositions must be conducted by May 24, 2024.
3. The May 30, 2024 dispositive motion deadline is extended to June 28, 2024.
4. Plaintiff is advised that failure to comply with this order and the Court's prior orders will result in him not being permitted to conduct the depositions.
5. The Clerk of Court is directed to mail Plaintiff a copy of the certificate of service from the United States Marshals Service filed on March 26, 2024. (ECF No. 97).

IT IS SO ORDERED.

Dated: __**March 29, 2024**__              /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE

3