UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR.,<br><br>             Plaintiff,<br><br>    v.<br><br>M. SOTO, et al.,<br><br>             Defendants. | 1:22-cv-000471-JLT-EPG (PC)<br><br>ORDER TO SHOW CAUSE<br><br>ORDER SETTING DEADLINE TO FILE SUPPORTING BRIEF<br><br>(ECF No. 105). |

Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. Generally, Plaintiff's complaint alleges that, after he filed grievances about the Defendants' misconduct, including an incident during which his testicles were squeezed, Defendants retaliated against him by filing a Rules Violation Report (RVR) falsely accusing him of constructive possession of a cellular phone. (ECF No. 15). This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Noujaime, and Borba. (*Id.*).

This matter is before the Court on documents that Defendants have provided to the Court for *in camera review*. Upon review of the documents submitted, the Court will (1) order Defendants to show cause why sanctions should not issue for failure to comply with the Court's April 26, 2023 discovery order; and (2) will set a deadline for Defendants to file a brief supporting their position that the *in camera* documents should be withheld from Plaintiff, in whole or in part.

**Order to Show Cause**

After screening the complaint, on April 23, 2023, the Court issued a scheduling order

1

opening discovery and providing a deadline for non-expert discovery for December 26, 2023. (ECF No. 42).

In addition, also on April 23, 2023, the Court entered a discovery order that required the parties to exchange certain documents within sixty days without a discovery request. (ECF No. 43) ("In an effort to secure the just, speedy, and inexpensive disposition of this action, the Court will direct that certain documents that are central to the dispute be promptly produced.) (*citing* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) stating "The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

The documents ordered to be produced without a discovery request included the following categories of documents:

> All documents regarding the Rules Violation Report associated with the incident(s) alleged in the complaint, including disciplinary charges and findings.
>
> [And] [w]itness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).

(ECF No. 43, p. 2) (footnote omitted). The order cited Supreme Court authority that "proper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." (ECF No. 43, p. 2 n.4, quoting *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)).

This order also provided a procedure for objecting to production or providing documents to the Court withheld under the official information privilege:

> Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order.

(*Id.* at 3).

The accompanying scheduling order, provided as follows:

> If any party or third party withholds a document on the basis of privilege, that party or third party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within thirty (30) days after the date that responses are due. Failure to provide a privilege log within this time shall result in a waiver of the privilege. Additionally, if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on the official information privilege or confidentiality, the withholding party shall submit the withheld witness statements and/or evidence to the Court for in camera review, along with an explanation of why the witness statements and/or evidence should be withheld. The witness statements and/or evidence shall be Bates stamped, and mailed to Judge Grosjean at 2500 Tulare Street, Sixth Floor, Fresno, CA 93721. The withholding party shall also file and serve a notice that they have complied with this order. All other claims of privilege may be challenged via a motion to compel.

(ECF No. 42, pp. 3-4) (footnote omitted).

On April 12, 2024, almost a year after the Court issued this order, and after a settlement conference and the initial deadline for non-expert discovery, Defendants filed a notice of submission of documents for *in camera* review, stating "Defendants have submitted for *in camera* review copies of the Confidential Memorandum dated August 12, 2021 and dated July 30, 2021, which are being withheld from Defendant Borba's Response to Request for Production of Documents, Set one, on grounds that portions of this document are protected by the official information privilege." (ECF No. 105). As the notice indicated, Defendants submitted the documents for *in camera* review along with a Declaration of H. Casto discussing the sensitive nature of the documents.

The Court has now reviewed the submitted documents. They concern the internal investigation of the incidents at issue, including multiple witness statements generated from that investigation. They thus appear to fall under the Court's order from April 26, 2023, that Defendants produce "All documents regarding the Rules Violation Report associated with the incident(s) alleged in the complaint, including disciplinary charges and findings," and "[w]itness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s)."

Because it appears that Defendants did not comply with the Court's order, the Court will

direct Defendants to show cause why sanctions should not issue for failure to provide these documents for *in camera* review within 60 days of the Court's April 26, 2023 discovery order. *See* Fed. R. Civ. P. 37(b) (providing for sanctions for failure to obey a discovery order); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (noting Court's inherent power to issue discovery sanctions).

Additionally, the declaration submitted provides only a very general description of confidentiality and security concerns as to investigative practices. And Defendants' letter submission to the Court asks to be given an opportunity to provide further justification for withholding the documents at issue from Plaintiff.

Thus, the Court will direct Defendants to file a supporting brief, along with any evidence, explaining the bases for withholding the documents.[1]

Accordingly, IT IS ORDERED as follows:

1. Within 21 (twenty-one) days of the entry of this order, Defendants shall file a response to this order, showing cause why the Court should not issue sanctions for failing to comply with the Court's discovery order (ECF No. 43).

2. Also within 21 (twenty-one) days of the entry of this order, Defendants shall file a supporting brief supporting Defendants' claim that the documents should be withheld under the official information privilege.

    a. Defendants must include all supporting evidence, including the already submitted declaration and any additional declarations. However, Defendants need not resubmit the purported confidential documents, the privilege log, or their letter to the Court.

    b. If Defendants believe any documents may be produced in redacted form, they

---

[1] The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted); *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (citations omitted).

should so indicate.

  c. If Defendants believe that the supporting brief itself contains confidential information, they may file a redacted version of the brief, omitting such confidential information, on the public docket and submit file an unredacted brief under seal.

IT IS SO ORDERED.

Dated: **April 18, 2024**      /s/ Erica P. Grosjean
                 UNITED STATES MAGISTRATE JUDGE

5