UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR., | 1:22-cv-000471-JLT-EPG (PC) |
| Plaintiff, | ORDER GRANTING MOTION TO MODIFY THE SCHEDULING ORDER |
| v. | (ECF No. 121) |
| M. SOTO, et al., | ORDER DENYING, WITHOUT PREJUDICE, MOTION TO ENFORCE SUBPOENA |
| Defendants. | (ECF No. 123) |

## I.    INTRODUCTION

Plaintiff Francisco Vega, Jr., is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's First Amendment retaliation claims against Defendants Soto, Noujaime, and Borba. (ECF No. 15). This matter is before the Court on two of Plaintiff's motions concerning a non-party's (Javier Robles) failure to attend his deposition.

First, Plaintiff moves to modify the scheduling order to extend the non-expert discovery deadline so that he may depose Robles. (ECF No. 121). Second, Plaintiff moves to enforce the subpoena, asking that he be permitted to depose Robles on June 20, 2024, and "that the Court Marshals take measures which will ensure witness Robles' attendance." (ECF No. 123, p. 2 – minor alterations). As explained below, the Court will grant Plaintiff's motion to modify the case schedule and deny, without prejudice, his motion to enforce the subpoena.

\\\

1

## II.     BACKGROUND

On February 28, 2024, the Court issued an order permitting Plaintiff to fill out and return for service by the United States Marshals Service a subpoena to compel non-party Javier Robles to attend a deposition. (ECF No. 84). After Plaintiff returned the subpoena, the Court directed the United States Marshals Service to serve it. (ECF No. 107). The deposition was scheduled to occur on May 22, 2024, via Zoom. On May 13, 2024, the United States Marshals Service returned the subpoena as personally served on Robles on May 6, 2024, at 1202 Oakland Rd., San Jose, California, 95112.

Under the current scheduling order, the non-expert discovery deadline expired on May 24, 2024, with that deadline being for the limited purpose of allowing Plaintiff to depose Robles and other persons. (ECF No. 99, p. 3). The dispositive motion deadline is currently set for June 28, 2024.

## III.    MOTION TO MODIFY THE CASE

On May 28, 2024, Plaintiff filed a motion (dated May 22, 2024), stating that Robles did not appear for his May 22, 2024 Zoom deposition. (ECF No. 121). Plaintiff asks for an extension of the non-expert discovery deadline to hold the deposition.[1] On May 30, 2024, Defendants filed a response, stating, "Defendants do not oppose Vega's request for an extension to conduct the deposition of Javier Robles. However, the extension should only apply for this purpose and not to re-open all discovery." (ECF No. 122, p. 2).

Given these circumstances, the Court will grant Plaintiff's motion and extend the non-expert discovery deadline for the limited purpose of permitting Plaintiff to depose Robles. The Court will also continue the dispositive motion deadline.

## IV.    MOTION TO ENFORCE SUBPOENA

On May 30, 2024, Plaintiff filed a motion (dated May 26, 2024), asking the Court to "enforce [the] subpoena" regarding Robles. (ECF No. 123, p. 1). He states that he has rescheduled a deposition for June 20, 2024, and asks the Court to approve this date and for the United States Marshals Service to "take measures which will ensure Robles' attendance." (*Id.* at

---

[1] Plaintiff asks for a 30-day extension in the body of the motion. As explained below, Plaintiff will have the option to try to subpoena Robles to attend another deposition. To allow sufficient time for this, the Court will grant more than a 30-day extension.

2) (minor alterations).

Upon review, the Court concludes that Plaintiff has two options to proceed.

First, it is not clear what "measures" Plaintiff desires the United States Marshals Service to take, but in any event, "[t]he only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g)." *Molina v. City of Visalia*, No. 1:13-CV-01991-LJO, 2015 WL 5193584, at *2 (E.D. Cal. Sept. 4, 2015). Rule 45(g) states as follows: "The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

Accordingly, Plaintiff may file a motion for contempt sanctions under Rule 45(g) based on Robles' failure to comply with the subpoena. However, the motion must be filed in the district where compliance is required. Plaintiff provided no physical address on the subpoena form; rather, he stated that it would proceed "via Zoom meeting." (ECF No. 107, p. 3). As another Court has indicated, the presumed place for compliance with a Zoom deposition would be where the deponent resides. *Russell v. Maman*, No. 18-CV-06691-RS (AGT), 2021 WL 3212646, at *2 (N.D. Cal. July 29, 2021) ("The sole subpoena at issue here commands Walsh, who resides in Chappaqua, New York, to appear for a remote deposition by Zoom. Though this Court issued that subpoena, there is no indication that compliance is (or could be) required in this District, *see* Fed. R. Civ. P. 45(c)(1). Indeed, Micheletti/Legion appear to acknowledge that the place of compliance is not in this District, but rather in New York, where Walsh resides."). Here, Robles was served in San Jose, California, which is located in Santa Clara County. However, Santa Clara County is not within this District; rather, it is located in the Northern District of California.

In short, Plaintiff may choose to seek contempt sanctions against Robles for not appearing at his deposition, but all indications are that such a motion must be filed in the Northern District of California.[2]

---

[2] The Court notes that, if Plaintiff were to file a motion in the Northern District of California, that court could ultimately transfer the motion to this Court for decision if Robles consented or exceptional circumstances were found. Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may

But before Plaintiff files a motion seeking contempt sanctions, the Court advises Plaintiff that some courts have required a subpoena to contain a physical address rather than just a notation that the deposition would proceed by electronic means.

> A valid subpoena must list a specific place of compliance, pursuant to Rule 45(a)(1)(A)(iii). *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017) (recognizing that "an email address does not qualify as a location or place where compliance is required under Rule 45"); *Russell v. Maman*, No. 18-CV-06691-RS (AGT), 2021 WL 3212646 (N.D. Cal. July 29, 2021) (denying a motion to compel where the subpoena listed the place of compliance as "via Zoom"). A subpoena that fails to designate a "specific time and place" violates Rule 45(a)(1)(A)(iii) because "the place of compliance must be a physical 'place' subject to 'geographical limits' and capable of being measured according to mileage." *Herrington*, 354 F. Supp. 3d at 709. The geographical limitation exists to help avoid undue burden or expense on a person subject to the subpoena, Fed. R. Civ. P. 45(d), and the burden on a witness required to physically appear for deposition testimony. *See Regents of Univ. of California*, 166 F.R.D. at 464 (the only concern of Rule 45(c) is the burden to the witness being required to physically appear) (citing 1991 advisory committee note).

*Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21CV1197-W-MDD, 2022 WL 2820667, at *7 (S.D. Cal. July 18, 2022).

Given that Plaintiff did not list a physical address in the subpoena—instead putting it would proceed "via Zoom Meeting"—the Court will allow Plaintiff to fill out new subpoena documents containing a physical address and return those documents to the Court for service. However, Plaintiff's requested date of June 20, 2024, is too soon to achieve service. Plaintiff will be directed to return the relevant documents at a date of his choosing, keeping in mind the non-expert discovery deadline set forth below, the fact that the Court will need to review the returned documents, and the fact that any subpoena will take at least 14 days for the United States Marshals Service to serve before the deposition can take place.

Further, Plaintiff must ensure that he provides proper notice of any deposition.

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed. R. Civ. P. 30(b)(1) (emphasis added).

---

transfer the motion to the issuing court.").

Plaintiff shall make arrangements with his prison for any deposition that he intends to take, ensure that he provides the connection information for the deposition,[3] and is reminded that he must pay the costs for Marshals service as he is not proceeding *in forma pauperis*.

In light of the above discussion, the Court will deny Plaintiff's motion to enforce the subpoena without prejudice.

## V.    ORDER

Accordingly, IT IS ORDERED as follows:

1.   Plaintiff's motion to modify the case schedule (ECF No. 121) is granted.

    a.   The non-expert discovery deadline is extended to September 10, 2024, for the limited purpose of deposing Javier Robles. Any deposition must occur by this date.

    b.   The dispositive motion deadline is extended to October 10, 2024.

2.   Plaintiff's motion to enforce the subpoena (ECF No. 123) is denied without prejudice.[4]

3.   The Clerk of Court is directed to send Plaintiff a copy of form AO 88A and a copy of form USM-285.

    a.   These documents are to be used to subpoena Robles to attend an oral deposition.

    b.   Plaintiff shall fill them out within a date of his choosing, but he must keep in mind the case deadlines specified below and that the Court must receive the documents *at least three weeks before* the date requested for the deposition to allow for the Court to review the documents and order them to be served by the United States Marshals Service.

\\\

\\\

\\\

\\\

---

[3] Without deciding the issue, the Court notes that the subpoena itself provided no specific Zoom connection information to Robles to participate in the deposition. Rather, the subpoena only states that the Zoom meeting would be provided by Calendar@fresnodepositionreporters.com. (ECF No. 107, p. 3). If Plaintiff intends to argue in the future that Robles failed to attend a deposition, he must be prepared to offer evidence that he supplied Robles with the necessary Zoom connection information.

[4] As discussed above, nothing in this order prevents Plaintiff from moving for contempt sanctions in the district of compliance, which appears to be the Northen District of California.  Alternatively, Plaintiff may complete and return the below service documents that will be mailed to him.

c.  Plaintiff is also directed to review the requirements, including those addressed above, for conducting a deposition, such as providing notice to other parties under Rule 30(b)(1) and ensuring that Robles has the Zoom connection information for any deposition.

IT IS SO ORDERED.

Dated:   **June 14, 2024**                      /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE