**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO VEGA, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>M. SOTO, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-0471 JLT EPG<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 134) |

Francisco Vega, Jr. seeks to hold defendants Soto, Borba, and Noujaimie liable for violations of his civil rights under the First Amendment for purportedly taking a series of adverse actions against him in retaliation for filing prison grievances about Defendants' conduct. Defendants move for summary judgment, arguing that their "actions were not retaliatory" but "were in furtherance of legitimate penological goals," that Plaintiff has no evidence to support his claims, and that they are otherwise entitled to qualified immunity. (Doc. 134-1, p.7.)

On February 20, 2025, the assigned magistrate judge issued findings and recommendations, recommending that Defendants' motion for summary judgment be denied. (Doc. 144.) The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 30 days and any reply to objections were due within 14 days. (*Id.* at 20.) Defendants filed timely objections. (Doc. 146) They contend, first, that they would have taken the same actions against

1

Plaintiff even if he had not filed any inmate grievances, and thus that he cannot establish the necessary link of cause and effect.  (*See id.* at 3–4 (citing among other authority *Crawford-El v. Britton*, 523 U.S. 574, 593 (1998)).)  Second, Defendants argue the record does not include evidence that could show any events before July 29, 2021 were retaliatory.  (*See id.* at 5–6.)

The court has reviewed the case de novo under 28 U.S.C. § 636(b)(1) and concludes the Findings and Recommendations are supported by the record and proper analysis.  It is true that a reasonable factfinder could decide, as Defendants contend, that Plaintiff would have come under scrutiny and thus would have suffered the same consequences even if he had filed no grievances at all. (*See, e.g.*, Doc. 134-4 ¶¶ 5–23.)  But as the magistrate judge found, the record also includes evidence that could lead a factfinder to conclude that Defendants focused on and targeted Plaintiff in their searches and investigation because he had filed inmate grievances starting in October 2020, before July 29, 2021.  (Doc. 144 at 11–16.)  And at this stage, the Court must resolve disputes of material fact in favor of Plaintiff, the non-moving party, and must draw reasonable inferences in his favor. Thus, the Court **ORDERS**:

1.    The Findings and Recommendations dated February 20, 2025 (Doc. 144) are **ADOPTED** in full.

2.    Defendants' motion for summary judgment (Doc. 134) is **DENIED**.

3.    This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    __**January 12, 2026**__

UNITED STATES DISTRICT JUDGE